**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CURTIS L. EBERSOLE AND HEATHER A. EBERSOLE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 755 MDA 2024 |
| EVAWN MCCOY | : | |

Appeal from the Order Entered April 26, 2024
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2022-CV-04937-CV

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED MARCH 17, 2025**

Curtis L. Ebersole and Heather A. Ebersole ("Heather") (together, the "Ebersoles") appeal from the order of the Dauphin County Court of Common Pleas ("trial court") granting summary judgment in favor of Evawn McCoy ("McCoy").  After careful review, we affirm.

In January 2016, the Ebersoles bought a home in Lower Paxton Township, Dauphin County.  The seller's disclosure indicated that there were water runoff issues as the house is significantly downhill from neighboring properties.  Soon after their purchase, the Ebersoles began experiencing issues with water draining from a pipe connected to a sump pump from a property located uphill from the Ebersoles' property.  The water from the runoff covered part of the Ebersoles' yard.  The Ebersoles reported this issue

to Lower Paxton Township in March 2016 and August 2017, but the Township took no action.

In 2020, McCoy bought the property situated above the Ebersols that was the cause of the runoff. In March 2020, McCoy submitted a zoning permit application to build an in-ground swimming pool, deck patio, and fence. McCoy also submitted a stormwater management plan, which was approved. During the summer of 2020, McCoy undertook several projects to improve her land. This involved clearing a patch of shrubs and trees, a plan she discussed with Heather. Additionally, McCoy had the land surveyed. McCoy's survey purported to show that her property was greater than she had previously thought. As a result, McCoy set up a property line string. Ultimately, McCoy removed the brush,[1] constructing a shed in its place.

Doubting the accuracy of McCoy's survey and the property line string, the Ebersoles conducted their own survey. The Ebersoles' survey revealed that McCoy's survey was incorrect. Some of the trees and shrubs McCoy had removed had been from the Ebersoles' yard, and McCoy's shed now sat on the Ebersoles' property. McCoy attempted to buy the portion of the Ebersoles' property where she had removed the trees and brush and built the shed, but the parties could not come to an agreement. As a result, McCoy removed the shed from the Ebersoles' property.

---

[1] The Ebersoles do not know the number of trees and amount of brush that McCoy removed.

The Ebersoles filed a writ of summons in July 2022, and a complaint in August 2022, against McCoy. The Ebersoles alleged negligence, trespass, and nuisance claims, arguing that because of McCoy's clearing of the shrubs and trees, an unnatural amount of flooding occurred on their property. McCoy filed an answer with new matter.

During discovery, the Ebersoles obtained a report prepared by Chris Archibald ("Archibald"). In the report, Archibald indicated he owned Archibald Landscape Design, LLC, had an associate's degree in architecture, and had several years of experience on storm water projects. Archibald stated that there was at least one underground spring feeding the sump pump on McCoy's property. Archibald noted that to correct the error, the storm water system must be inspected to ensure only one downspout and one sump pump are tied to the system. Archibald further observed that the storm water design for McCoy's property should be a lot bigger to handle the sump pump, or the pump needs to be removed from the storm water pit and relocated elsewhere on her property. In his opinion, this failing caused excess water to be diverted onto the Ebersoles' land.

On February 27, 2024, McCoy file a motion to preclude Archibald as the Ebersoles' expert. McCoy claimed that Archibald did not possess the requisite level of knowledge, experience, training, or education on the topic of storm water management or engineering to be able opine on whether McCoy's actions artificially caused an unnatural amount of water to be discharged on

Ebersoles' land. According to McCoy, a qualified storm water engineer should be trained and able to perform the calculations on the extra runoff. McCoy further chastised Archibald's statement, without any supportive facts, that there were underground springs feeding the sump pump. At the conclusion of the motion, McCoy certified that the "full text of the motion and the proposed order has been disclosed to all parties by electronic communication prior to the filing of this motion and that concurrence to both the motion and the proposed order has been denied by [the Ebersoles]."[2] Motion, 2/27/2024, at 7. McCoy did not file a response to this motion.

On March 4, 2024, McCoy filed a motion for summary judgment and brief in support, arguing that the Ebersoles' failed to prove a prima facie case for negligence, trespass, or nuisance. McCoy claimed that the Ebersoles had not produced any evidence that she diverted water from its natural channel

_____

[2] Dauphin County Local Civil Rule 208.2(d) states the following:

> All motions shall contain a certification indicating that the moving party has disclosed the full text of the motion and the proposed order to all parties by facsimile or electronic communication prior to the filing of the motion, and that concurrence to both the motion and proposed order has been given or denied by each party. If facsimile or electronic communication is not possible, a copy of the motion and proposed order shall be sent by mail. If the other party fails to respond to the inquiry regarding concurrence within a reasonable time, this fact must be contained in the motion and the motion will be deemed contested pursuant to Dauphin County Local Rule 208.3(b).

Dauphin Cnty. L.R.Civ.P. 208.2(d).

by artificial means, or unreasonably or unnecessarily increased the quantity of water or changed the dispersion of water to affect more of the Ebersoles' property. The Ebersoles did not file a response to the summary judgment motion, but instead filed a brief in opposition to the motion on April 3, 2024.

On April 12, 2024, McCoy filed a certificate of readiness seeking assignment of its motion to preclude and indicating that she did not seek argument. The Ebersoles did not object, and on April 18, 2024, the trial court granted the motion to preclude. On April 19, 2024, McCoy filed a certificate of readiness seeking assignment of her summary judgment motion and indicating that she did not seek argument. The trial court granted the summary judgment motion based on the Ebersoles' failure to respond to McCoy's motion for summary judgment. Alternatively, the trial court found the Ebersoles failed to produce prima facie evidence of negligence, trespass, or nuisance.

The Ebersoles filed a motion of reconsideration, arguing that the trial court failed to issue a rule to show cause or other type of order requiring them to respond to the motion to preclude. The trial court denied the motion for reconsideration, noting, in part, that the certificate of readiness alerted the Ebersoles that the matter was ready for disposition and they failed to object at that time.

The Ebersoles filed a timely appeal and now raise two issues for our review:

I. As what appeared to be a necessary component of its summary judgment decision, was the trial court correct in precluding evidence from [the Ebersoles'] expert when the expert, though not an engineer, showed a pretension to specialized knowledge that should have been evaluated by a fact finder instead of being excluded by the trial court?

II. Was the trial court correct to grant summary judgment to [McCoy] when [the Ebersoles] were able to show that water flowed downhill from [McCoy's] property to their property in voluminous amounts, more than had ever flowed previously before [McCoy] installed a swimming pool and a shed and cut several trees down; stated differently, did the trial court evaluate the record in the light most favorable to [the Ebersoles] as the [c]ourt was required to do?

Ebersoles' Brief at 3 (issues reordered).

## Order to Preclude Expert

The Ebersoles contend that the trial court erred in precluding Archibald as an expert because he had the requisite specialized knowledge related to their claims against McCoy. *Id.* at 15, 16-17. The Ebersoles claim that their expert, Archibald, a landscaper with twenty years of experience, "clearly meets Pennsylvania's standard to qualify as an expert witness." *Id.* at 18. The Ebersoles argue that the trial court was wrong to preclude Archibald's testimony based on the absence of specific wording in his report, and the factfinder should be the one to resolve any doubts as to his qualification or experience. *Id.* at 17-18.

"Decisions regarding admission of expert testimony, like other evidentiary decisions, are within the sound discretion of the trial court. We may reverse only if we find an abuse of discretion or error of law." *Smith v.*

***Paoli Memorial Hosp.***, 885 A.2d 1012, 1016 (Pa. Super. 2005) (citation omitted). Further, "to the extent that we are required to interpret a rule of civil procedure, our standard of review is de novo, and our scope of review is plenary." ***Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011) (citation and quotation marks omitted).

"A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both." Pa.R.Civ.P. 208.3(b). Dauphin County enacted Local Rule 208.3(b), which, in pertinent part, provides: "In accordance with Dauphin County Local Rule 208.2(d), if a moving party certifies that concurrence has been denied by a party or if a party fails to respond to the inquiry regarding concurrence within a reasonable time, said motion shall be deemed contested." Dauphin Cnty. L.R.Civ.P. 208.3(b)(1). "Any party who fails to concur to the motion and/or the proposed order shall file an original and one copy of a response and a proposed alternative order within twenty (20) days after service of the motion[.]" Dauphin Cnty. L.R.Civ.P. 208.3(b)(2). "If a party fails to file a timely response pursuant to this rule, the Court may[] treat the motion as uncontested or enter an order under Pa.R.C[iv].P. 208.4." Dauphin Cnty. L.R.Civ.P. 208.3(b)(4); ***see also*** Pa.R.Civ.P. 239.3(e) ("Local Rule 208.3(b) . . . may provide that the motion shall be treated as uncontested if a response is not filed.").

Here, the Ebersoles' failed to timely respond to the motion to preclude and the trial court granted the motion in accordance with the Dauphin County Local Rules of Civil Procedure. *See* Trial Court Opinion, 5/8/2024, at 1-2 (noting it granted McCoy's motion to preclude because the Ebersoles failed to file a response to the motion). The Ebersoles do not raise any argument regarding the local rules or the trial court's finding in this regard. *See* Pa.R.A.P. 2119(a) (the argument section must include such discussion and citation to authorities as deemed pertinent).[3] As such, the trial court did not abuse its discretion in enforcing Local Rule 208.3, and granting McCoy's motion to exclude the Ebersoles' expert. *See Davison v. John W. Harper, Inc.*, 493 A.2d 732, 734 (Pa. Super. 1985) (stating that if the rule does not conflict with statewide procedural rules, the "application, construction and

---

[3] We note in their statement of the case, the Ebersoles' argue the following:

> The [t]rial [c]ourt applied a Dauphin County Rule of Civil Procedure in a manner that was consistent with that Rule's language, but inconsistent with the manner in which every Dauphin County Judge the undersigned has encountered in this context has treated that Rule. Specifically, the undersigned did not file a written Answer to [] McCoy's Motion because the undersigned had anticipated that the [t]rial [c]ourt would issue a Rule to Show Cause, and the undersigned was waiting for that. In any event, the [t]rial [c]ourt stated that it would have precluded [] Archibald's evidence under any conditions.

Ebersoles' Brief at 9 n.4. However, we cannot consider any argument in the statement of the case. *See* Pa.R.A.P. 2117(b) ("The statement of the case shall not contain any argument."), 2119(a). Nevertheless, as quoted, the Ebersoles' concede that the trial court properly applied the Local Rule.

interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule[,] and we will interfere only where the court commits an abuse of discretion") (citation omitted).

## **Summary Judgment**

The Ebersoles next contend that the trial court erred in granting McCoy's motion for summary judgment, as they showed the water flowed downhill from McCoy's property in voluminous amounts—more than had ever flowed before McCoy made changes to the property. Ebersoles' Brief at 11, 13. The Ebersoles argue that they presented evidence through their deposition testimony and Archibald's report that McCoy, by "cutting the trees and shrubs," changed the water flow on their land. *Id.* at 13. They argue that their deposition testimony was that the "water's volume, force or both have changed during and since these events, such that the saturation of the Ebersoles' land is greater than before and covers a larger area, creeping ever closer to their house." *Id.* The Ebersoles note that Archibald's conclusions on how to fix the problem establishes McCoy's fault. *Id.* at 13-14. The Ebersoles further contend that the trial court did not evaluate the record in a light most favorable to them as the non-moving party. *Id.* at 14-15.

Our standard of review of an order granting a motion for summary judgment is as follows:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and

it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Our scope of review of a trial court's order granting … summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Erie Ins. Exch. v. Eachus*, 306 A.3d 930, 932-33 (Pa. Super. 2023) (citation omitted).

The Pennsylvania Rules of Civil Procedure are clear: summary judgment may be granted if a party does not file a response in opposition. Pa.R.Civ.P. 1035.3(d). "The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response[.]" Pa.R.Civ.P. 1035.3(a). Additionally, pursuant to the Dauphin County Local Rules of Civil Procedure, a party must file both a response and a brief in opposition to a motion for summary judgment within thirty days after service of the summary judgment motion. Dauphin Cnty. L.R.Civ.P. 1035.2(a)(2); **see also** Dauphin Cnty. L.R.Civ.P. 1035.2, cmt. ("Rule 1035.2(a) was amended to direct parties to file their briefs at the same time as … their Response.").

Here, the Ebersoles' filed a brief in opposition to the motion for summary judgment on April 3, 2024, thirty days after the motion for summary judgment. However, they did not file a response. The Dauphin County Rules specifically state that a response **and** brief must be filed in opposition of the motion for summary judgment. **See** Dauphin Cnty. L.R.Civ.P. 1035.2(a)(2); **see also** Dauphin Cnty. L.R.Civ.P. 1035.2, cmt. Accordingly, the trial court

- 10 -

did not abuse its discretion in granting the motion for summary judgment based upon the Ebersoles' failure to file a response.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/17/2025